# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| 7-ELEVEN CORPORATION,<br><br>    Plaintiff,<br><br>    v.<br><br>JESUS A. PIEDRA, JR., et al.,<br><br>    Defendants. | Case No. SA CV 15-0786 AG (JCGx)<br><br>**ORDER SUMMARILY REMANDING IMPROPERLY REMOVED ACTION** |

    The Court will summarily remand this unlawful detainer action to state court because Defendant removed it improperly.

    On May 20, 2015, Defendant Jesus A. Piedra, Jr., having been sued in what appears to be a routine unlawful detainer action in California state court, lodged a Notice of Removal of that action in this Court ("Notice") and also presented a request to proceed *in forma pauperis*. [Dkt. Nos. 1, 3.] The Court has denied the latter application under separate cover because the action was improperly removed. To prevent the action from remaining in jurisdictional limbo, the Court issues this Order to remand the action to state court.

//

1

Simply stated, Plaintiff could not have brought this action in federal court in the first place, in that Defendants do not competently allege facts supplying either diversity or federal-question jurisdiction, and so removal is improper. 28 U.S.C. § 1441(a); *see Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Notably, even if complete diversity of citizenship exists, Defendant cannot properly remove the action because Defendant resides in the forum state. (*See* Notice at 1, 2); *see also* 28 U.S.C. § 1441(b)(2).

Nor does Plaintiff's unlawful detainer proceeding raise any federal legal question. *See* 28 U.S.C. §§ 1331, 1441. Federal-question jurisdiction under § 1331 encompasses civil actions that arise under the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 1331. Plaintiff's complaint for unlawful detainer alleges a cause of action arising under the laws of the State of California. (*See* Notice, Ex. A.) To be sure, Defendant indicates that he has asserted a counterclaim against Plaintiff under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (*See* Notice at 2.) However, a federal law counterclaim may not serve as a basis for federal question jurisdiction. *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) ("[A] federal counterclaim, even when compulsory, does not establish 'arising under' jurisdiction.").

Accordingly, IT IS ORDERED that: (1) this matter be REMANDED to the Superior Court of California, County of Orange, Central Justice Center, 700 Civic Center Drive West, Santa Ana, CA 92701, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c); (2) the Clerk send a certified copy of this Order to the state court; and (3) the Clerk serve copies of this Order on the parties.

DATED: June 01, 2015

                      HON. ANDREW J. GUILFORD
                      UNITED STATES DISTRICT JUDGE